**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

TYLER SHULSKY,
*Plaintiff*,

v.

PRINCE WILLIAM COUNTY SCHOOL BOARD, *et al.*,
*Defendants*.

1:26-cv-00262 (MSN/LRV)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Prince William County School Board (the "School Board") and Melissa McClellan's Motion to Dismiss Plaintiff's Amended Complaint. ECF 34. Having considered the motion, opposition, the reply thereto, and for the reasons set forth below, the Court **GRANTS** Defendants' Motion.

## I. BACKGROUND

Plaintiff Tyler Shulsky ("Plaintiff" or "Shulsky") alleges that, in 2022 and 2023, he was a student at Forest Park High School ("Forest Park") in Prince William County. ECF 29 ¶ 1. On February 3, 2022, Plaintiff's ex-girlfriend, who attended Colgan High School ("Colgan"), posted on Snapchat "happy birthday Tyler!! Throw back to when you sexually assaulted me haha have a good day tho!! remember no means no (heart emoji)." *Id.* ¶ 12. His ex-girlfriend nevertheless shared the message on Snapchat with Plaintiff and other students at Colgan. *Id.* ¶¶ 13-15.

Several Colgan students reacted to the message that same day by posting comments online calling Plaintiff a "rapist," "pussy," "bitch boy," "bitch ass pussy," and "rapist dweeb confirmed fuckkk." *Id.* ¶ 16. Three Colgan students also posted a picture with the caption "[ex-girlfriend] victim defense squad," and several students made threats to physically harm Plaintiff, stating,

among other things, that they would have a friend "beat the DOG SHIT OUTTA U WHEN HES DONE WITH U, YOU GONNA HAVE TO EAT YOUR FOOD THROUGH A STRAW." *Id.* ¶¶ 17.

Plaintiff informed his parents about these threats and, that afternoon, Plaintiff's mother met with Colgan's assistant principal, Defendant Melissa McClellan. *Id.* ¶¶ 18-20. Plaintiff's mother provided McClellan with screenshots of the threatening messages and "alibi evidence proving that [Plaintiff's ex-girlfriend's] allegations were false." *Id.* ¶ 21. On February 4, 2022, McClellan responded to Plaintiff's mother, advising her to report one of the students making threatening comments to the school resource officer assigned to Forest Park High School. *Id.* ¶ 25. McClellan emailed Plaintiff's parents, stating "[w]e will address the students that attend Colgan. I am not sure that we will get to all of them today, but we will get to as many as we can." *Id.* ¶ 26. McClellan never followed up with his parents or, to their knowledge, took action to investigate the matter or to impose disciplinary consequences on the students who threatened him. *Id.* ¶ 28. Plaintiff, meanwhile, stayed home from school on February 4, 2022, out of concern for his safety. *Id.* ¶ 23, 32.

Sometime in 2022, Plaintiff's ex-girlfriend filed a criminal complaint based on the same sexual assault allegation. *Id.* ¶ 41. On January 18, 2023, Forest Park notified Plaintiff's parents by letter that he had been involved in a reportable offense and, "effective immediately," would be assigned to "the Computer Based Instruction (CBI) Program via remote access only," and issued a no-trespass order preventing Plaintiff from entering school property without prior written consent from the Student Management and Alternative Programs Department ("SMAPD"). *Id.* ¶¶ 54, 66. Despite reassigning Plaintiff to online instruction, the School Board never performed an

assessment of whether the Plaintiff presented a threat to the safety of staff or students prior to removing him from his school. *Id.* ¶ 59.

Plaintiff appealed the decision to transfer him to CBI on January 18, 2023. *Id.* ¶ 73. During his appeal, Defendant School District blocked Plaintiff from access to Canvas, and Plaintiff's father's attempts to physically collect his assignments were unsuccessful. *Id.* ¶ 77, 79.

Plaintiff's appeal hearing occurred on February 8, 2023. *Id.* ¶ 82. On February 21, 2023, the Superintendent Designee upheld the reassignment decision, explaining that reassignment was necessary because of Plaintiff's involvement in a reportable offense. *Id.* ¶¶ 86-87. On March 2, 2023, the Shulsky's appealed SMAPD's decision to the School Board explaining that Plaintiff had not received any educational instruction since January 18, 2023. *Id.* ¶ 92, 107. The School Board affirmed the reassignment on April 20, 2023. *Id.* ¶ 107-08.

On May 7, 2023, Plaintiff dual enrolled in Forest Park High School and CBI, and he regained access to Canvas. ¶ 122, 144. On July 21, 2023, the Plaintiff was found not guilty of the criminal charges against him. *Id.* ¶ 134. Plaintiff alleges that Defendants' actions caused him to suffer from anxiety, depression, and emotional distress. *Id.* ¶ 144. He also alleges Defendants' actions caused him academic harms, including that he lost post-graduate academic and athletic opportunities, which has altered Plaintiff's "entire life trajectory." *Id.* ¶ 145.

In his original Complaint, filed on January 28, 2026, Plaintiff brought claims against the School Board for (1) violation of his right to substantive due process under the Fourteenth Amendment (2) violation of his right to substantive due process under the Virginia Constitution, (3) sexual harassment in violation of Title IX, (4) selective enforcement in violation of Title IX, and (5) violation of the Virginia Constitution's Equal Protection Clause. He also brought a claim against McClellan for gross negligence. Defendants moved to dismiss, contending that Plaintiff

has failed to state a claim. ECF 19, 20. The Court granted the motion, finding all six claims were insufficient to state a claim for relief. ECF 27, 28.

On July 6, 2026, Plaintiff amended his Complaint to assert four counts: three new counts of denial of procedural due process against the School District, and one count of gross negligence against McClellan. On July 31, 2026, Defendants moved to dismiss the Amended Complaint. ECF 34, 35. Plaintiff filed his opposition on August 21, 2026 (ECF 39), and Defendants replied on September 4, 2026 (ECF 42). Defendants' Motion to Dismiss is fully briefed and ripe for disposition, and the Court dispenses with oral argument as it would not assist the decisional process.

The Court concludes that Plaintiff has failed to state a plausible claim to relief under all four of his claims and will dismiss the Amended Complaint with prejudice.

## II. LEGAL STANDARD

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). A plaintiff must make more than bald accusations or mere speculation; "naked assertions devoid of further factual enhancement" and "a formulaic recitation of the elements of a cause of action" are insufficient under Rule 12(b)(6). *Twombly*, 550 U.S. at 555; see *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw

all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

## III. ANALYSIS

### A. Statute of Limitations

As a preliminary matter, the Court addresses *sua sponte* whether Plaintiff's claims are barred by the applicable statute of limitations. The allegations in Plaintiff's complaint suggest that his procedural due process claims are time-barred under the two-year statute of limitations that governs § 1983 claims and Virginia common-law tort claims. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (applying Virginia's two-year statute of limitations for personal-injury actions to a Section 1983 case); *Johnson v. Henrico Cnty. Board of Supervisors*, 751 F. Supp. 3d 627, 640 (E.D. Va. 2024) (same); *see also Williams v. Friendship Health and Rehab Center, Inc.*, 2026 WL 84417, at *2 (W.D. Va. 2026) ("A claim for denial of due process under the Fourteenth Amendment of the United States Constitution and Article I of the Virginia Constitution…are subject to Virginia's two-year statute of limitations for personal injury suits."). The applicable statute of limitations for a negligence claim in Virginia is also two years. *Adams v. White*, No. 1:11-cv-323-GBL-JFA, 2011 WL 3875422, at *6 (E.D. Va. 2011) (citing Va. Code § 8.01-230 (2010)).

The facts alleged in the Amended Complaint show Plaintiff was aware of the harms alleged due to School Board's actions by January 18, 2023, at the earliest, and May 7, 2023, at the latest. *See* ECF 29 ¶ 142 ("Prior to January 18, 2023, the Plaintiff was a happy person who made a positive contribution to his school community…"); *id.* ¶ 144 ("As a result of Defendant PWCS' actions, the Plaintiff was totally deprived of an education from January 19, 2023, through at least May 7, 2023"); *see also id.* ¶¶ 131-32 (alleging Plaintiff received failing grades in his third quarter

and failed both his Reading and Math state Standards of Learning assessments for the 2022-2023 school year). Plaintiff alleges Defendant McClellan violated her duty of care when she failed to appropriately respond to reports she received from Plaintiff's mother on February 3, 2022, and in October 2023. ECF 29 ¶¶ 196, 199.

Since the actions that caused Plaintiff's harm occurred in 2022 and 2023, and Plaintiff did not file his original Complaint until January 2026, over two years later, the Court could find that Plaintiff's claims are time-barred. However, since neither side has briefed the issue, and the Court finds that the facts alleged in the Amended Complaint are insufficient to support Plaintiff's claims, the Court will not dismiss Plaintiff's claims on statute of limitations grounds.

**B. Plaintiff Fails to State a Claim of Due Process Violations Against Defendant School District (Counts I-III)**

Counts One and Three of Plaintiff's Amended Complaint is a procedural due process claim, pursuant to 42 U.S.C. § 1983, alleging Defendant School Board violated the Fourteenth Amendment based on a deprivation of Plaintiff's property interest in education. Section 1983 provides a cause of action for any person whose constitutional rights have been violated by a state actor under color of state law. 42 U.S.C. § 1983. Plaintiff brings Count Two as a procedural due process claim for the deprivation of Plaintiff's property interest in education under Article 1 § 11 of the Virginia Constitution. The Court analyzes these claims together as the due process clause of the Fourteenth Amendment and the Virginia Constitution are coextensive. *See McArthur v. Brabrand*, 610 F. Supp. 3d 822, 843 (E.D. Va. 2022). For the following reasons, the Court finds Plaintiff's allegations regarding the alleged deprivation of access to education fall short of stating a claim upon which relief can be granted. Plaintiff also alleges that the School Board's custom of immediately removing and blocking online access to homeschool coursework of a student with a reportable charge deprived Plaintiff of educational services in violation of Virginia law.

To state a procedural due process claim, a plaintiff must allege: (1) that he had a constitutionally cognizable life, liberty, or property interest; (2) that he was deprived of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate. *Doe v. Va. Polytechnic Inst. & St. Univ.*, 77 F.4th 231, 236 (4th Cir. 2023). For a public benefit to be a constitutionally protected property interest, "a person must have ... a legitimate claim of entitlement to it." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 79 (4th Cir. 2016).

Plaintiff argues that Defendants violated his procedural due process rights when he was removed from Forest Park and reassigned him to CBI. ECF 29 ¶¶ 157-61, 171-175. Plaintiff also challenges as unconstitutional the School Board's policy of transferring a student based on having received a reportable charge. *Id.* ¶¶ 185-188. Plaintiff alleges that Plaintiff was deprived of educational services for at least 108 days, suffered academic harm, and suffered mental health damage as a result of the Defendant School Board's actions. *Id.* ¶¶ 162-64, 176-79, 189-192.

The School Board, citing *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1359 (6th Cir. 1996), argues that procedural due process requirements do not apply to transfers to an alternative education program. ECF 35 at 9. And even if it did apply, Defendant School Board argues that reassignment to an alternative education program does not constitute a denial of Plaintiff's procedural due process rights, because there is no constitutional mandate for pre-reassignment hearings or appeals. *Id.* at 9-10; ECF 42 at 3.

A plaintiff alleging a procedural due process violation must allege facts sufficient to show that he or she was deprived of a constitutionally cognizable interest in life, liberty, or property by "some form of state action," and that the procedures employed by the state were constitutionally inadequate. *See Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) (quoting *Iota*

*Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009)). As Plaintiff points out, he has a property interest under the Virginia Constitution in a public education. *See* Va. Const. art. VIII, § 1; *Smith v. Commonwealth*, 443 S.E.2d 386 (Va. 1994) (describing the right to education under the Virginia Constitution as "fundamental"). But taking Plaintiff's well-pleaded allegations at face value, the complained-of actions by the School Board did not deprive him of his public education.

The "Due Process Clause applies in public school settings to protect students who are subject to expulsion or suspension from public school 'for more than a trivial period.'" *Doe v. Fairfax Cnty. School Board*, 403 F. Supp. 3d 508, 519 (E.D. Va. 2019) (citing *Goss v. Lopez*, 419 U.S. 565, 576 (1975)). Here, Plaintiff was neither suspended nor expelled but transferred to an alternative educational program. "Unlike expulsion, transfer to an alternative program does not constitute a denial of access to public education, not even temporarily, because the student remains in a public school, albeit an alternative one." *Id.* at 519 n.8 (quoting *Doe 2 v. Fairfax Cty. Sch. Bd.*, 384 F. Supp. 3d 598, 612 (E.D. Va. 2019) (internal quotations and edits omitted). "It follows that a student is therefore entitled to less process pre-transfer than they would be entitled to pre-expulsion." *Id.*; *see also Doe 2*, 384 F. Supp. 3d at 612 ("[U]ndercutting any due process claim is that the Student was transferred to another educational setting, rather than being expelled."). Plaintiff's reassignment is insufficient to state a due process claim.

Even if Plaintiff were entitled to the same due process protections of an expelled student, his allegations would still fail. The Fourth Circuit explains that "constitutionally sufficient procedures under procedural due process only requires notice of a hearing and an opportunity to be heard." *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140, 146 (4th Cir. 2014). In the context of school suspension, the Fourth Circuit held, "[a] formal proceeding is not

necessary; rather, due process requires only 'an informal give-and-take between the student and the administrative body dismissing him that would, at least, give the student the opportunity to characterize his conduct and put it in what he deems the proper context." *Doe 2 v. Fairfax Cnty. Sch. Bd.*, 832 Fed. App'x. 802, 805-06 (4th Cir. 2020) (quoting *Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85-86 (1978)). "[T]he Virginia Supreme Court has held that so long as the student, his parents, and counsel knew the reasons why the student had been suspended, were able to participate during the hearing, and were notified of their right to appeal, the student's due process rights were not abridged when he was expelled post-hearing" *Doe 2*, 384 F. Supp. 3d at 612 (citing *Wood v. Henry Cnty. Pub. Sch.*, 495 S.E.2d 255, 259 (1998)).

The facts alleged by Plaintiff show he received all the process due to him with regard to his reassignment to an alternative school. Plaintiff received notice of the charge against him (ECF 29-11 (Exhibit L)), he was given an opportunity to be heard and present his defense (ECF 29, ¶¶ 81-83, ECF 29-14, -16 (Exhibits O, Q)), and he had an opportunity to appeal (ECF 29 ¶ 81-90), which he did (*id.* ¶ 92, 105). Consequently, Plaintiff's facts, as alleged, show that he received the minimum due process protections to which he was entitled, and he fails to state a claim for violation of his due process rights. Plaintiff alleges he was out of school for 108 days, but this harm was not a result of the School Board's actions. Plaintiff and his parents "made the choice" not to enroll him in the alternative education program, in hopes of a successful appeal. ECF 29 ¶ 75.

Because Plaintiff received notice and the opportunity to be heard, his procedural due process rights were not violated. Any flaws Plaintiff alleges with respect to the hearing and appeal procedures do not rise to the level of a due process violation.[1] *See Doe 2*, 384 F. Supp. 3d at 612;

[1] In the Amended Complaint, Plaintiff points to another student who was accused of "sexual misconduct" that was "similar" to the accusations made against Shulsky by Shulsky's ex-girlfriend. ECF 29 ¶¶ 97, 99. These claims are

*Doe*, 403 F. Supp. 3d at 520 ("In light of these undisputed facts, which clearly establish that Plaintiff was afforded the notice and opportunity to be heard which are required for due process, Plaintiff's claimed deficiencies in the School Board's procedures ... do not rise to the level of a denial of due process.").

### C. Plaintiff Fails to State a Claim of Gross Negligence Against McClellan

Plaintiff brings a claim of gross negligence against McClellan for failing to appropriately respond to reports that Plaintiff had been facing bullying, harassment, and threats of violence from students at Colgan. ECF 29 ¶¶ 182-201. Plaintiff alleges she had a "duty to provide supervision and care" to Plaintiff and that she "assumed the duty to take steps to protect the Plaintiff, a student in School Board's school district, from further bullying, harassment and threats of violence when she said she would address the students at Colgan who were involved." ECF 29 ¶¶ 27, 30. Plaintiff contends that McClellan acted with deliberate indifference when she did not intervene in the "serious bullying, harassment, and threats of violation against" Plaintiff. *Id.* ¶¶ 31-32.

McClellan argues that the Complaint fails to state a claim of gross negligence because she owed no special duty to protect Plaintiff, she did not a assume a duty to protect Plaintiff, and Plaintiff has not plausibly alleged McClellan acted with utter disregard of prudence amounting to complete neglect of the safety of another. ECF 35 at 13-15. The Court finds Plaintiff fails to state a claim for gross negligence.

---

insufficient to plead a denial of due process under the Fourteenth Amendment. To make out a *prima facie* case for an equal protection violation, the plaintiff must plausibly allege that "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "The 'similarly situated' standard requires a plaintiff to identify persons materially identical to him...who ha[ve] received different treatment." *Kolbe v. Hogan*, 813 F.3d 160, 185 (4th Cir. 2016), *reh'g granted*, No. 14-1945, 2016 WL 851670 (4th Cir. Mar. 4, 2016). However, the Amended Complaint does not allege that T.C., like Plaintiff, was criminally charged. ECF 39 at 12. As such, Plaintiff has not adequately pleaded that he is similarly situated to T.C.

To bring a claim of negligence, a plaintiff must show (1) the existence of a legal duty, (2) a breach of the duty, and (3) proximate causation resulting in damage. *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003). "Negligence ... is not actionable unless there is a legal duty, a violation of the duty, and consequent damages." *Burns v. Gagnon*, 727 S.E.2d 634, 641 (Va. 2012) (quoting *Marshall v. Winston*, 389 S.E.2d 902, 904 (Va. 1990)). The allegation that a duty existed is a legal conclusion that is not presumed to be true at the motion to dismiss stage. *See Iqbal*, 556 U.S. at 678. "The complaint must include factual statements that sufficiently support the existence of the duty that the defendant owed to the plaintiff." *Wenzel v. Knight*, 3:14-cv-00432-JAG, 2015 WL 3466863, at *12 (E.D. Va. June 1, 2015).

Under Virginia tort law, "generally a person does not have a duty to protect another from the conduct of third persons." *Burns*, 727 S.E.2d at 641 (quoting *Kellermann v. McDonough*, 684 S.E.2d 786, 793 (Va. 2009)). Though an exception arises if the plaintiff and defendants have a special relationship giving rise to a legal duty, Virginia does not recognize such a relationship between school officials and students because it "has no history—deep-rooted or otherwise—in the common law." *Id.* at 643. The Virginia Supreme Court has declined to impose any additional duties on school principals to care for the students under their supervision. *See id*. But the Virginia Supreme Court has found vice principals are only subject to a common law duty to supervise children using reasonable care. *Id.* (noting that it was the responsibility of the vice principal and "other school officials to supervise and ensure that students could…have an education in an atmosphere conducive to learning, free of disruption, and threat to person").

Courts in the Eastern District of Virginia have likewise applied *Burns* to find that "[b]ecause a school has an obligation to adequately supervise the activities of students within its charge and may be held liable for a foreseeable injury proximately related to the absence of such

supervision, whether a duty of care exists may turn on the factual circumstances of the case." *DJ ex rel. Hughes v. Sch. Bd. of Henrico Cnty.*, 488 F. Supp. 3d 307, 340-41 (E.D. Va. 2020); *see also Thornton v. Chesterfield Cnty. Sch. Bd.*, No. 3:24-cv-00859-JAG, 2025 WL 927064, at *5 (E.D. Va. Mar. 27, 2025) (finding plaintiff sufficiently alleged that school principal and unidentified school employees owed her a duty of ordinary care). However, the circumstance here is distinguishable. Plaintiff alleges that McClellan, an assistant principal at Colgan High School, had a duty to Plaintiff, then a student at Forest Park High School. Plaintiff has not provided any authority to support the allegation that a school official at one school owes a duty to a student at another school, albeit schools in the same school district. For example, Plaintiff does not allege that Plaintiff's parents "relinquishe[d] the supervision and care of" Plaintiff to McClellan as an "adult who agree[d] to supervise and care for that child." *Burns*, 727 S.E.2d at 643. Nor does Plaintiff allege facts to conclude that, as assistant principal of Colgan, McClellan necessarily had a duty to all students within the Prince William County school district including those outside the school at which she is employed. The Court declines to make such a finding given the facts presented here.

Plaintiff alleges McClellan assumed a duty to protect Plaintiff when his mother informed McClellan of the bullying, harassment, and threats Plaintiff was receiving from students at Colgan, and informed Plaintiff's mother that she would address students at Colgan, ECF 29 ¶¶ 20-27. The Virginia Supreme Court has found that, "[a]s a general proposition, a duty that does not otherwise exist may be impliedly assumed from the defendant's conduct." *Terry v. Irish Fleet, Inc.*, 818 S.E.2d 788, 793 (Va. 2018); *Kellerman*, 684 S.E.2d at 791 ("[O]ne who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at

all.") (internal quotations and citations omitted). The Court finds the facts in the Amended Complaint are insufficient to establish an assumed duty of care.

The Virginia Supreme Court explained liability under the voluntary duty doctrine is in lockstep with § 323 of the Restatement (Second) of Torts, which provides that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Burns*, 727 S.E.2d at 644. Thus, "a party can be subject to liability provided that the plaintiff prove that a party undertook an affirmative course of action and then either: (1) the defendant failed to exercise reasonable care in performing the undertaking thus increasing the risk of the harm; (2) that defendant undertook to perform a duty owed by another to a third party; or (3) that the harm was a result of either party's reliance upon the defendant's undertaking." *In re Capital One Consumer Data Security Breach Litigation*, 488 F.Supp.3d 374, 400 (E.D. Va. 2020) (citing *Burns*, 727 S.E.2d at 644). Here, the Amended Complaint alleges that McClellan voluntarily assumed the duty to protect Plaintiff against further bullying and specific threats of harm. Thus, the question here is whether in agreeing to "address the students that attend Colgan," McClellan voluntarily undertook an affirmative course of action to protect Plaintiff. This Court finds these allegations do not plausibly satisfy the voluntary undertaking doctrine under Virginia law.

To establish a claim of negligence based on assumption of duty, a plaintiff must show that the defendant "expressly communicat[ed] his intention [to undertake this duty]." *Terry*, 818 S.E.2d at 792. An implied undertaking cannot "give rise to an assumed duty to warn or protect against the danger of a criminal act by a third party." *Id.* at 794. For an assumed duty to exist, "there must be

a clear expression of intent by a defendant to take on a legal duty to protect a plaintiff who is justifiably relying upon that clearly expressed intent." *A.H. by next friends C.H. v. Church of God in Christ, Inc.*, 831 S.E.2d 460, 471-72 (Va. 2019). To be sure, in *Burns*, the Virginia Supreme Court held that when a principal assumes a duty of care—such as by offering to investigate or protect a student—she may be held liable if she fails to discharge that duty with reasonable care. *Id.* at 644. But the *Burns* court emphasized that conduct, and not a mere statement, is required to show that a defendant assumed of duty. *Id.* ("Burns can only be subject to liability for Gagnon's physical harm…if Gagnon proves first that Burns undertook to investigate Diaz's report and notify school security about the fight ..."). The Amended Complaint includes no facts regarding whether McClellan affirmatively undertook to investigate Plaintiff's concerns. In fact, Plaintiff alleges the opposite: Plaintiff alleges that "to their knowledge" McClellan "took no action to investigate the matter, implement interventions to prevent further bullying, harassment, or threats of violence, or impose disciplinary consequences on the students who had made false accusations, harassed and threatened the Plaintiff." ECF 29 ¶ 29.

Plaintiff points to the School Board's "Bullying of Students" policy as support that McClellan failed her alleged duty. However, the existence of a district bullying policy is insufficient to impose a duty. *See A.H.*, 831 S.E.2d at 472 (existence of an internal sexual-harassment and misconduct policy was insufficient to create an assumed duty to protect); *Warner v. Centra Health Inc.*, 503 F. Supp. 3d 479, 500 (W.D. Va. 2020) ("[I]t is well settled that internally promulgated policies cannot serve as the basis of establishing a duty of care supporting a negligence claim."); *Steward ex rel. Steward v. Holland Family Props., LLC*, 726 S.E.2d 251, 254 (Va. 2012) ([A] statute setting the standard of care does not create the duty of care."); *see also Smith v. Wellpath LLC*, No. 2:20-cv-77-AWA-RJK, 2020 WL 13926012, at *11 (E.D. Va. 2020)

(rejecting an argument that assumptions about a jail assistant superintendent's duty and knowledge based on their title could support a claim for negligence).

Because Plaintiff fails to sufficiently allege the existence of a duty upon Defendant McClellan, he similarly cannot establish a violation of any such duty or resulting proximate cause. "The finding of a legal duty is a prerequisite to a finding of negligence." *Quisenberry v. Huntington Ingalls, Inc.*, 818 S.E.2d 805, 809 (Va. 2018) (internal citations omitted). Plaintiff's claim for gross negligence fails because "[w]ithout a legal duty there can be no cause of action for an injury." *Id.*[2]

## IV. CONCLUSION

For the foregoing reasons, the Court should GRANT Defendants' Motion to Dismiss (ECF 34). This Court finds that any amendment would be futile and dismisses the Amended Complaint with prejudice. It is hereby

**ORDERED** that Defendants' Motion to Dismiss (ECF 34) is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint (ECF 29) be, and is, dismissed with prejudice.

The Clerk of Court is directed to terminate this civil action and to forward a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

September 15, 2026
Alexandria, Virginia

[2] Even if Plaintiff sufficiently alleged McClellan affirmatively assumed a duty to Plaintiff, this Court finds that absent allegations of physical harm, Plaintiff cannot state a claim for gross negligence. *See Burns*, 727 S.E.2d at 644. The Court declines to extend liability under the voluntary duty doctrine established in *Burns* to non-physical, academic and mental health harms Plaintiff claims. ECF 29 ¶¶ 200-01.